IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIO LYNCH, | : | No. 4:08-CV-2246 |
|     Petitioner | : | |
| | : | Judge Jones |
| v. | : | |
| | : | Magistrate Judge Mannion |
| ATTORNEY GENERAL | : | |
| MICHAEL B. MUKASEY, et al., | : | |
|     Respondents | : | |

## **MEMORANDUM**

July 6, 2009

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Malachy E. Mannion (Doc. 6) which recommends that Julio Lynch's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) be denied. No objections to the R&R have been filed.[1]

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error

---

[1] Objections were due on or before May 8, 2009. To this date, none have been filed.

1

on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to *de novo* review in the district court").

As noted above, no objections to the R&R have been filed. Because the Court agrees with the sound reasoning of the Magistrate Judge, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, the Court will not rehash the reasoning of the Magistrate Judge. Rather, we attach a copy of the R&R, as it accurately reflects our consideration and resolution of the matter. An appropriate order will be entered.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIO LYNCH, | : | CIVIL ACTION NO. 4:CV-08-2246 |
| Petitioner | : | |
| v. | : | |
| | | (Jones, D.J.) |
| ATTORNEY GENERAL | : | (Mannion, M.J.) |
| MICHAEL B. MUKASEY, | | |
| IMMIGRATION AND CUSTOMS | : | |
| ENFORCEMENT (ICE), and | | |
| DEPT. OF HOMELAND | : | |
| SECURITY, | | |
| | : | |
| Respondents | | |

### REPORT AND RECOMMENDATION

On December 17, 2008, the petitioner, Julio Lynch, filed, *pro se*, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Currently, the petitioner is in the custody of the Bureau of Immigration and Customs Enforcement (ICE) at the Pike County Correctional Facility, in Lords Valley, Pennsylvania. The petitioner paid the filing fee. (Doc. 1).

The Court issued an Order to Show Cause on December 22, 2008, and directed the respondents to respond to the Petition. (Doc. 2). On January 12, 2009, the respondents filed their response to the Habeas Petition, as well as Exhibits 1 and 2. (Doc. 3). The petitioner did not file a traverse.

### I. Background.

The petitioner, a native and citizen of Panama, entered the United States on September 7, 1970, as a Lawful Permanent Resident through New York, NY. (Doc. 3, Ex. D). The petitioner is 48 years old and served 6 years in the United

States military. (Doc. 1, Ex. A). On March 7, 2008, the petitioner was released on parole from the State of New York Department of Corrections. (Doc. 1 at 4). The Bureau of Immigration and Customs Enforcement (ICE) informed the petitioner on March 7, 2008, that there was a warrant for his arrest, and he was taken into custody by ICE on the same day, pursuant to conditions of his parole. (Doc. 1 at 4). An Immigration Judge entered an order of removal against the petitioner on May 13, 2008. (Doc. 1 at 5). The petitioner waived his right to appeal the order of removal. (Doc. 1 at 5).

ICE issued a notice on August 28, 2008, informing the petitioner that a custody review would not be conducted at that time because the Consulate of Panama had informed ICE that a travel document was "forthcoming" and that ICE expected removal to occur during September 2008. (Doc. 1 at 5 & Doc. 3 at 2). On October 24, 2008, the petitioner was informed that his custody status had been reviewed and it had been determined that he would remain in custody. (Doc. 3, Ex. C). ICE gave the following reasons for continuing to detain the petitioner:

> You have not submitted any evidence for the review such as letters of support, employment prospects or rehabilitative courses attended that would demonstrate that you would not pose a flight risk if released from custody. Additionally, your criminal history, which includes 14 arrests dating back to 1977 and includes arrests for Assault, Resisting Arrest, Robbery and convictions for a number of drug related offenses demonstrate that you would pose a threat to society if released from custody. ICE is currently working with the Panama Consulate and Headquarters and a travel document should be issued in the foreseeable future.

(Doc. 3, Ex. C). The petitioner was also advised that if he had not been released or removed by December 9, 2008, jurisdiction of the custody decision in his case would be transferred to the Headquarters Post Order Unit (HQPDU).

The petitioner indicates that the "Panamanian Consulate has informed [him] that it does not have authority to issue travel documents for [him] absent a sworn affidavit by a qualified individual. . . .[a]s of the date of the instant Petition, ICE has not found a qualified individual to execute the said sworn affidavit. . . .[t]he Panamanian Consulate has not responded to other repeated requests for travel documents." (Doc. 1 at 5). On December 11, 2008, the petitioner submitted a written request for a custody review to the Director of the HQPDU. (Doc. 1, Ex. F). In response, the Headquarters Case Management Unit (HQCMU) issued a Decision to Continue Detention on January 2, 2009.[1] (Doc. 3, Ex. D).

The petitioner filed the instant petition on December 17, 2008. (Doc. 1). He seeks an order directing ICE to release him under supervision pending removal. (Doc. 1 at 12).

## II. Claims of Habeas Petition.

The petitioner is challenging his continued detention by ICE. (Doc. 1). The petitioner asserts that there is no reasonable likelihood of removal in the reasonably foreseeable future, and that his continued detention by ICE violates the due process requirements of <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001), as well as the Immigration and Nationality Act (INA).

The petitioner requests this court to order his release from further detention.

---

[1] The HQCMU is on the same administrative level and performs the same custody reviews as the HQPDU. See <u>Tung Thanh Hoang v. Decker</u>, No. 08-1748, 2008 WL 4793734, *3 (M.D. Pa. Oct. 31, 2008)(Vanaskie, D.J.).

## III. Discussion.

The petitioner argues that under <u>Zadvydas</u>, and pursuant to the Immigration and Nationality Act (INA), he should be released from continued post-removal detention by ICE because there is no reasonable likelihood of removal in the foreseeable future.[2] The respondents argue that the petitioner's continued detainment does not violate the requirements of <u>Zadvydas</u>, as ICE has decided to continue to detain the petitioner because it expects that a travel document will be issued and his removal will occur in the reasonably foreseeable future. (Doc. 3 at 7). Further, the respondents point out that the petitioner did not submit evidence that he served in the military to ICE or the HQPDU, even though he was informed that he could submit evidence demonstrating that he is not a flight risk or that he does not pose a threat to society. (Doc. 3 at 7-9). The respondents assert that the petitioner's detention is proper and that his petition should be denied. (Doc. 3 at 9).

<u>Title 8 U.S.C. § 1231(a)</u> gives the Attorney General ninety days to remove an alien from the United States after an order of removal. During this ninety day period, detention is mandatory. <u>8 U.S.C. § 1231(a)</u>. At the end of the ninety day period, ICE may continue to hold the alien, or it may grant supervised release. <u>8 U.S.C. §§ 1231(a)(3) & (6)</u>. The discretion to detain an alien under <u>§1231(a)</u> is limited by the Fifth Amendment's Due Process clause. <i>See</i> <u>Zadvydas, 533 U.S. at 692-92</u>.

In <u>Zadvydas</u>, the United States Supreme Court interpreted <u>§1231(a)(6)</u> to

---

[2] In addition to his <u>Zadvydas</u> claim, the petitioner makes separate arguments that his continued detention violates substantive and procedural due process. Upon closer examination, however, these claims are indistinguishable from his claim that continued detention violates the due process requirements of <u>Zadvydas</u>.

4

include "an implicit limitation" on detention. *Id.* at 689. The Court determined that "[§1231(a)(6)], read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. . . .[i]t does not permit indefinite detention." *Id.* "[F]or the sake of uniform administration in the federal courts" the Court recognized 6 months as a presumptively reasonable period of detention. *Id.* at 701. Further, the Court determined that "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

After *Zadvydas*, ICE enacted new regulations that established a custody review procedure. 8 C.F.R. 241.13. Section 241.13 "establishes special review procedures for those aliens who are subject to a final order of removal and are detained under the custody review procedures provided at §241.4 after the expiration of the removal period, where the alien has provided good reason to believe there is no significant likelihood of removal to the country to which he or she was ordered removed. . .in the reasonably foreseeable future." 8 C.F.R. §241.13(a). Section 241.13(d) allows an alien to make a written request for release to ICE's HQPDU, "asserting the basis for the alien's belief that there is no significant likelihood that the alien will be removed in the reasonably foreseeable future to the country to which the alien was ordered removed and there is no third country willing to accept the alien. The HQPDU must consider all the facts of the case, including the history of the alien's efforts to comply with the order of removal, history of the government's efforts, and the likelihood of removal in the reasonably foreseeable future. 8 C.F.R. § 241.13(f)-(g). Section 241.13(g) requires the HQPDU to issue a written decision regarding the likelihood of removal in the reasonably foreseeable future under the circumstances and the alien must receive a copy.

5

In the instant case, the petitioner received a custody review on October 24, 2008. It appears that this review took place two months after the first 6 month period of detention and was a file review, not a hearing. In the October 24, 2008, decision the petitioner was advised that he could submit evidence showing that he was not a flight risk or danger to the community, and why removal was unlikely in the foreseeable future. There is no evidence that the petitioner presented evidence to the HQPDU, including the evidence he submitted with the instant petition, namely, that he served in the United States military. Six days before filing his habeas petition, on December 11, 2008, the petitioner filed a written request for a custody review with the HQPDU.

The petitioner filed his habeas petition on December 17, 2008, before receiving a response from the HQPDU regarding his request for a custody review. On January 2, 2009, The HQCMU issued a Decision to Continue Detention. (Doc. 3, Ex. D). The HQCMU informed the petitioner that the government of Panama had not denied him as a citizen, and that ICE was "confident the consul will issue a travel document and your removal will occur in the reasonably foreseeable future." (_Id._). In deciding to continue to detain the petitioner, the HQCMU considered the petitioner's file record, including his several convictions, and any information submitted to the ICE reviewing officials. (_Id._). In a previous custody review, dated October 24, 2008, ICE informed the petitioner that his custody would be continued based on his file record, criminal history, which includes 14 arrests dating back to 1977, the lack of any evidence submitted by the petitioner, such as letters of support, employment prospects that would demonstrate the petitioner would not pose a flight risk, and ICE's belief that travel documents should be issued in the foreseeable future. (Doc. 3, Ex. C).

It is clear, as the respondents assert, that these custody reviews

demonstrate that the petitioner is receiving regular review of his detention and is being provided with the due process required by *Zadvydas*. (Doc. 3 at 12). In addition, the petitioner has pointed to no evidence that his removal is unlikely to occur in the reasonably foreseeable future, other than the fact that it has yet to occur. *See Abdelrahman v. BICE's Interim Field Office Director*, No. 05-1916, 2005 WL 3320841, at *2 (M.D. Pa. Dec. 7, 2005)(Muir, D.J.)(nothing that "the fundamental basis of [the petitioner's] argument appear[ed] to be that his removal [was] unlikely simply because it [had] not occurred to this point.").

The petitioner also argues that his continued detention violates the INA. (Doc. 1 at 10). He asserts that no special circumstances exist to justify his continued confinement under 8 C.F.R. § 241.14. (*Id.* at 11). However, as the respondents point out, the petitioner is not being held pursuant to § 241.14. (Doc. 3 at 7). The petitioner has received custody reviews in accordance with §§ 241.4 and 241.13, which lay out the post-removal order custody review process regarding discretionary detention. Other than his assertion, the petitioner points to no evidence that his detention violates the INA.

## IV. CONCLUSION.

Based upon the foregoing, **IT IS RECOMMENDED THAT**:

the petitioner's Petition for Writ of Habeas Corpus, (Doc. 1), be **DENIED**,

s/ *Malachy E. Mannion*
MALACHY E. MANNION
**United States Magistrate Judge**

Date: April 21, 2009

O:\shared\REPORTS\2008 Reports\08-2246-01.wpd